IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WHITMIRE,

    Petitioner,                    No. CIV-S-10-0185 FCD CMK (TEMP) P

    vs.

RICHARD B. IVES,[1]

    Respondent.                FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2241. He is currently serving a sentence of 120 months imprisonment for possession of a firearm by a felon. Answer, Attach. A at 2. Judgment was entered on April 26, 2006 and petitioner's current release date is January 5, 2012. Id. at 1-2.

        Petitioner asserts that he has been improperly denied entry into a 500 hour residential drug abuse program and seeks placement in that program. Respondent identifies the program referenced by petitioner as the Residential Drug Abuse Program (RDAP). Petitioner asserts that one of the conditions of entry into the program is that he used drugs during the 12

---

[1] Richard Ives, the warden at petitioner's current place of incarceration, is hereby substituted as respondent in this action. Dunbar v. Cranor, 202 F.2d 949, 950 (9th Cir. 1953). See Fed R. Civ. P. 25(d).

1

month period before he was arrested for the crime which led to his current sentence. Petitioner asserts he was denied entry into RDAP based on a finding that he did not meet this requirement. Petitioner insists he did meet the requirement because during the 12 month period before his arrest, the DEA opened a "drug case" against him.

Petitioner fails to point to any law in support of his claim that he was improperly denied entry into RDAP. In any case, the general rule is that the authority to determine which inmates participate in RDAP rests solely with the Federal Bureau of Prisons. <u>Downey v. Crabtree</u>, 100 F.3d 662, 670 (9th Cir. 1996). Petitioner fails to identify any reason for departure from that rule.

Furthermore, there is no evidence before the court indicating petitioner used drugs within the 12 month period before he was arrested. While petitioner does point to evidence indicating he may have been charged with an offense related to drugs (Am. Pet. at 6 & 7), nothing in the record shows drug use.

Finally, the evidence before the court indicates that, after filing the operative habeas petition, petitioner declined participation in RDAP (Answer, Attach. C) thereby rendering moot any claim petitioner might have for RDAP placement. For these reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be denied; and

2. This case be closed;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 2, 2011

                                                       /s/ Craig M. Kellison  
                                                     **CRAIG M. KELLISON**  
                                                     UNITED STATES MAGISTRATE JUDGE

kc  
whit0185.157